**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:09cv359**
**(1:03cr65)**

| | |
|---|---|
| **DANIEL RIOS-ESPONIZA,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Or Correct Sentence, filed September 4, 2009 [Doc. No. 1]. For the reasons stated herein, Petitioner's Motion will be dismissed as time-barred.

### I. Factual and Procedural Background

A review of the record reflects that on July 11, 2005, Petitioner pled guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841. [1:03cr65, Doc. No. 48]. On March 2, 2006, he was sentenced to 175 months imprisonment and five years of supervised release. Judgment was entered on March 10. 2006. [Id., Doc.

No. 53].  Petitioner filed a Notice of Appeal on March 16, 2006. [Id., Doc.

No. 55].  On May 30, 2006, the Fourth Circuit dismissed Petitioner's appeal

pursuant to Petitioner's motion to dismiss. [Id., Doc. No. 69].

On September 4, 2009 Petitioner filed the instant Motion to Vacate

arguing that his motion should be considered timely pursuant to § 2255

paragraph 6(4). [Motion at 12].

## II. Standard of Review

A prisoner in federal custody may attack his sentence on the grounds

that it is in violation of the Constitution or United States laws, was imposed

without jurisdiction, exceeds the maximum penalty, or otherwise is subject

to collateral attack.  28 U.S.C. § 2255(a).  However,

> [i]f it appears from the motion, any attached exhibits, and the
> record of prior proceedings that the moving party is not entitled to
> relief, the judge must dismiss the motion and direct the clerk to
> notify the moving party.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United

States District Courts.  The Court, having reviewed Petitioner's Motion and

the record of his underlying criminal proceedings, enters summary

dismissal for the reasons stated herein.

## III. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death

Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28

U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing

of a motion to vacate.  Such amendment provides:

A 1-year period of limitation shall apply to a motion under this

section.  The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created
by governmental action in violation of the Constitution or laws of
the United States is removed, if the movant was prevented from
making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by
the Supreme Court, if that right has been newly recognized by the
Supreme Court and made retroactively applicable to cases on
collateral review; or

(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of
due diligence.

28 U.S.C. § 2255 paragraph 6.

Petitioner filed the instant § 2255 motion on September 4, 2009, over

three years after the Court of Appeals dismissed his appeal.  Petitioner

argues that his attorney convinced him to withdraw his appeal and that he

would "prosecute [an] alternative appeal."  Pursuant to Petitioner's motion

to dismiss his appeal, on May 30, 2006, the Fourth Circuit granted that

motion and dismissed Petitioner's appeal.    Petitioner contends he did not

find out until August 4, 2009 that his attorney never filed a second appeal

on his behalf as promised.  Therefore, Petitioner argues that August 4,

2009 is the first date he learned the facts supporting his ineffective

assistance of counsel claim and that based on 28 U.S.C. § 2255,

paragraph 6(4), that was the earliest date the facts supporting his claim

could have been discovered.[1]

     The Court, however, notes that while Petitioner contends that he first

learned that his counsel did not file a second appeal on August 4, 2009, he

allowed more than three years to pass without inquiring about the status of

his second appeal.  Petitioner could have and should have made this

inquiry sooner.  Indeed, paragraph 6(4) says that the time commences

when the factual predicate "could have been discovered through the

exercise of due diligence", not when it was actually discovered by the

prisoner. See Jennell v. United States, 2006 WL 1519949 (W.D.Va. 2006);

see also Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) (time limit under

§ 2255, para. 6(4) commences when evidence could have been discovered

---

[1] Petitioner has attached his July 6, 2009 letter to the Fourth Circuit inquiring about the status of his appeal.  He also attached the Fourth Circuit's August 4, 2009 response to his letter  advising that his appeal was closed by order dated May 30, 2006.

through diligent inquiry, not when it was actually discovered or its

significance realized). It is not reasonable that Petitioner allowed more

than three years to pass without inquiring as to the status of an appeal he

thought was pending. Petitioner does not establish that he exercised any

due diligence with respect to the status of the appeal he thought counsel

had filed on his behalf. Therefore, Petitioner's argument that the August 4,

2009 date was the earliest date, through the exercise of due diligence, that

the facts supporting his claim could have been discovered, is rejected.

Moreover, while it is well settled that courts have the authority to toll

the limitations period on equitable grounds, Petitioner's stated reason for

filing his Motion to Vacate late also does not justify equitable tolling. In

United States v. Prescott, 221 F.3d 686 (4ᵗʰ Cir. 2000), the Court instructed

that while the limitation period of § 2255's is subject to equitable tolling, it is

an extraordinary remedy that is sparingly granted. Id. at 688. It is reserved

for those situations where it would be unconscionable to enforce the

limitations period and if enforced, gross injustice would result. Harris v.

Hutchinson, 209 F.3d 325, 330 (4ᵗʰ Cir. 2000). In order to be entitled to

equitable tolling, an otherwise time-barred petitioner must present "(1)

extraordinary circumstances, (2) beyond his control or external to his own

conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4h Cir .2004) quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" Prescott, 221 F.3d at 688, citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, the thrust of Petitioner's argument is that his time for filing his Motion to Vacate should be measured from the date upon which he first became aware that his counsel had not filed a second appeal on his behalf, simply because he was unaware that his attorney had not filed a second appeal on his behalf and he did not inquire of the Clerk of Court until August 4, 2009, about the status of his appeal.

Applying the above cited test to Petitioner's particular situation, Petitioner fails to establish that the facts causing his late filing of the instant motion are extraordinary, and out of his control.  Therefore, Petitioner's stated reason for failing to file his Motion to Vacate in a timely manner will not save his petition.  See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) cert. denied, 528 U.S. 1007 (1999) (Neither petitioner's unfamiliarity with legal process nor

his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason).

For the foregoing reasons, this Court concludes that Petitioner's Motion to Vacate is untimely, does not qualify for equitable tolling, and therefore must be <u>dismissed</u>.

**IT IS THEREFORE ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **dismissed** as untimely.

**SO ORDERED.**

Signed: September 15, 2009

Martin Reidinger
United States District Judge